## ALEXANDER, The, (LEA v.)
[See Lea v. The Alexander, Case No. 8,153.]

## ALEXANDER, (LITTLE v.)
[See Little v. Alexander, Case No. 8,393.]

## ALEXANDER, (MORRISON v.)
[See Morrison v. Alexander, Case No. 9,840.]

## Case No. 171.
### ALEXANDER v. PATTEN.
[1 Cranch, C. C. 338.][1]
Circuit Court, District of Columbia. July Term, 1806.

CONTINUANCE—DEATH OF PARTY.

The defendant is not, of course, entitled to a continuance, upon the death of the plaintiff.

[At law. Application for continuance. Denied.]

The plaintiff died since the last term, and the administrator appears at this term. The issue was made up at the last term.

Mr. Youngs, for defendant, contended that he was of right entitled to a continuance. By the act of assembly of Virginia, (P. P. [1 Rev. Code 1803,] p. 110, § 20,) all suits abate by the death of a party, unless there has been a verdict or interlocutory judgment. But the judiciary act of 1789 (1 Stat. 73) provides that the suit shall not abate, but that the defendant shall answer thereto.

THE COURT refused a continuance as a matter of right under the act of congress, which was admitted by all the bar to be in force in such a case, as it provides for a case different from that in the Virginia act. The court referred to the case of Codman v. Wilson, [Wilson v. Codman, 3 Cranch, (7 U. S.) 193,] in the supreme court, where the point was decided.